UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-  Case No. 5:04-cr-40-Oc-10GRJ

JORGE LOPEZ CRUZ
_____/

## **O R D E R**

Before the Court is the Defendant's pro se "Emergency Motion for Release From Segregation In Violation of Defendant's Constitutional Rights" (Doc. 45). The Defendant claims that the Bureau of Prisons has retaliated against him for his exercise of his right to trial by jury by keeping him in segregated confinement. He requests that the Court order the prison to release him from segregated confinement and return him to the general prison population.

The motion is due to be denied for several reasons. First, local rule 2.03(d) prohibits a defendant who is represented by counsel from filing motions in proper person. The record shows that the Defendant is currently represented by counsel. Second, the relief requested and the basis for such relief are not properly the subject of a motion in a criminal case. Instead, the issues raised by the Defendant's motion are actionable, if at all, through a separate civil suit against the prison. Even if these shortcomings were not present, the motion would still be denied for a third reason - the Defendant has not exhausted his administrative remedies.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[1]

---

[1] The Bureau of Prisons (BOP) makes available to its inmates a three level administrative
(continued...)

The motion recites that the Defendant has not exhausted his administrative remedies. The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."[2] Therefore, the exhaustion requirement is applicable to suits by inmates predicated on allegations that the inmate has been placed in segregated confinement for an unconstitutional motive. The Defendant cannot avoid the exhaustion requirement by filing a procedurally improper motion in his criminal case.

Accordingly, the Defendant's pro se "Emergency Motion for Release From Segregation In Violation of Defendant's Constitutional Rights" (Doc. 45) is DENIED without prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
             United States Marshal
             United States Probation Office
             U.S. Pretrial Services Office
             Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Jorge Lopez Cruz

---

[1](...continued) remedy process if informal resolution procedures fail to achieve sufficient results. 28 C.F.R. § 542.10, *et seq.* The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated (BP-8 and BP-9). If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located (BP-10). (For an inmate at the FCC Coleman, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal (BP-11).

[2] Porter v. Nussle, 122 S. Ct. 983, 992 (2002).